## National Refrigerator and Table Co. v. Tafflin et al.

*Sheriff's interpleader—Sheriff's return of service of notice of rule in the alternative, defective—Extension of time to file statement and bond—Act of May 26, 1897.*

1. The sheriff's return of service of notice of a rule to interplead should be definite as to the parties served, time of service, manner of service and, in some cases, the place of service; a return which does not show whether the notice was served on the parties or their attorneys, or whether it was served personally or by mail, is defective, and will not control definite testimony of the claimant to the effect that she had received no notice of the rule.

2. Under section 11 of the Sheriff's Interpleader Act of May 26, 1897, P. L. 95, a defective service of notice of the rule is ground for an extension of time to file claimant's bond and statement of title.

Rule to show cause why claimant should not be permitted to file statement and bond *nunc pro tunc.* C. P. No. 5, Phila. Co., March T., 1923, No. 10260.

J. Gross, for plaintiff; M. M. Dessen, for claimant.

MARTIN, P. J., Nov. 21, 1924.—Dora Tafflin claimed certain property which had been levied upon under a judgment held by the plaintiff against Harry Tafflin. On Nov. 7, 1923, the sheriff took a rule for an interpleader, which was made absolute on Nov. 15, 1923, and on Dec. 14, 1923, a rule issued to the claimant to show cause why the goods levied upon should not be sold by the sheriff.

On March 25, 1924, this court granted a rule to show cause why the claimant should not be permitted to file her statement and bond in interpleader *nunc pro tunc.* The petition for this rule sets forth that she never received any notice from the sheriff of the making of said rule for interpleader absolute, and that the first knowledge she had of this fact was on March 21, 1924, when a copy of a petition and rule obtained by the plaintiff, directing the sheriff to proceed with the sale of said goods, was served upon her.

The depositions taken pursuant to the rule of March 25, 1924, would seem to indicate that neither the claimant nor any member of her family received any notice of the rule to interplead or the making absolute of said rule. There is nothing to contradict this testimony excepting the sheriff's return of service of notice of the rule to interplead, and this sets forth that notice of the rule "was duly given to each of the above-named parties hereto, or to their several attorneys, by letters handed or mailed to them by me on or before said date," said date being Nov. 7, 1923. A sheriff's return should not be in the alternative. It should be definite as to the parties served, the time of service, the manner of service and in some cases the place of service. This return

National Refrigerator and Table Co. v. Tafflin et al.

does not show whether it was served on the parties or on the attorneys, whether it was served personally or by mailing, and it can hardly be said to overcome or control the definite testimony of the claimant to the effect that she received no such notice.

Section 11 of the Act of May 26, 1897, P. L. 95, regarding interpleaders, provides that "the bond and the claimant's statement of title shall be filed within two weeks after the sheriff's rule for an issue shall be made absolute, unless the court, for cause shown, shall extend the time for doing so." It might well be that the court would have stricken off this service, but the claimant is willing to become a party to interpleader proceedings, and only asks that she be permitted to meet the requirements of the act of assembly with respect to filing a statement of title and bond, and since the time for such filing may be extended by the court, then a defective service of notice of the rule for the interpleader would seem to be the best reason that could be furnished for such extension of time.

And now, to wit, Nov. 21, 1924, rule absolute, with permission to the claimant to file her statement of title and bond within fifteen days.